### SMITH v. COWGILL.

### No. 1968.

Court of Appeal of Louisiana. First Circuit. Oct. 4, 1939.

142

Talley & Richardson, of Bogalusa, for appellant.

Benj. W. Miller, of Bogalusa, for appellee.

LE BLANC, Judge.

This is an appeal from a judgment of the City Court of Bogalusa which was rendered against the defendant by default. The demand was in the sum of $174.65, representing a balance due on an open account for goods, wares and merchandise sold and delivered by the plaintiff to the defendant between the dates of June 4, 1932, and October 26, 1936.

Suit was filed on July 7, 1938, and the defendant was cited and personally served with a copy of the petition on July 11, 1938. As he failed to make any appearance whatever in answer to the citation served upon him, the case was in due time fixed for trial on confirmation of default, testimony adduced and judgment rendered.

In this court, the defendant's counsel has filed a plea of three years prescription. He also complains that the testimony taken at the trial in the court below is insufficient to support the judgment because plaintiff failed to prove the essential allegations which he had made to the effect that the defendant was of the full age of majority and a resident of Bogalusa, Washington Parish.

■ It is true that the note of evidence does not contain any testimony on the part of the plaintiff who was the sole witness, that the defendant was a person of full age of majority and that he resided in the city of Bogalusa, 4th Ward of Washington Parish, but these are matters about which it is now too late for the defendant to complain. The citation was properly addressed to him as a resident of the 4th Ward of Washington Parish which comprises the territorial jurisdiction of the City Court of Bogalusa, and he was personally served therewith. Any objection he may have had to the citation or to his lack of majority should have been made by way of dilatory exception and his rights in that respect were waived when he permitted judgment to be taken against him by default. Certainly he cannot be heard to complain for the first time when his case has reached the Appellate Court.

Appellant contends that all items on the accounts presented against him by plaintiff are prescribed as they are all charges of more than three years standing prior to the date suit was filed, except one, and as to this last, it is not a charge against him, but against one John McD. Anderson as appears on the statement itself. With regard to this one charge we note that whilst the statement appears originally to have been made out in the name of J. McD. Anderson we also note that it was changed to make it correctly appear no doubt, as a charge against the defendant himself. Besides, in explaining the accounts presented to him by his counsel, plaintiff testified that each item was ordered by the defendant and all are signed by some person who worked for him and to whom the goods were delivered. In those instances where there appears to have been no signed requisition by anyone, they were orders that were telephoned in and deliveries made the same as in other cases. He says that the defendant never disputed anything nor did he ever complain of not having received the goods. He requested payment of the defendant several times and was finally told by him that he was unable to pay just then but would some day do so.

■ It appears from plaintiff's testimony that there was some arrangement between him and the defendant to exchange credits. Defendant bought merchandise from plaintiff and plaintiff also dealt with defendant who operated an automobile business. By that arrangement it is shown, as per plaintiff's ledger sheet taken from his books, that defendant was given credit in the sum of $44.39 as late as October 30, 1935. Three years from that date would of course run to October 30, 1938, and inasmuch as the suit was filed in the early part of July, 1938, or more than three months prior to the expiration of the three

year period, it follows that the plea of prescription filed on behalf of the defendant cannot prevail and it is accordingly overruled.

The judgment otherwise is found to be correct.

 After the case had been submitted in this Court, but before a decision was rendered, the defendant, Howard J. Cowgill died and in due time his widow, Mrs. Minnie Hamilton Cowgill, was recognized as his sole heir and placed in possession of his estate. Upon proper showing in this Court she was duly made the party defendant herein in place of her deceased husband.

It therefore becomes necessary for us to amend the judgment with respect to the party against whom it is rendered, and

It is accordingly now ordered that it be amended so as to cast Mrs. Minnie Hamilton Cowgill as party defendant in lieu of Howard J. Cowgill, her deceased husband, and that as so amended it be affirmed at her cost.